## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed June 29, 1917.

HEADLEY CHOCOLATE COMPANY
VS.
HENRY W. MATTHEWS, ET AL.

*Vernon Cook, S. R. Zimmerman* and *Jacob M. Moses* for plaintiff.

*Randolph Barton, Jr., Forrest Bramble, John Philip Hill* and *Floyd J. Kintner* for defendants.

DUFFY, J.—

1. The corporation has not made out a right to recover in this case.

2. The preferred stockholders have not made a right to recover in this case.

3. The evidence does make out a combination on the part of Henry W. Matthews and Frank O. Headley to obtain for themselves excessive and unreasonably large salaries.

4. With the exception to be hereafter mentioned, it will not be necessary for the court to determine the amount of these salaries, for the reason that the minority stockholders are debarred of recovery as to this part of their claim by laches. These stockholders well knew that the officers were being paid *some* salaries. From year to year at the annual stockholders' meetings financial reports were submitted. These reports disclosed but little, and none of them from 1900 to 1915 disclosed what salaries were paid to the officers. No inquiry was ever made by any stockholder on this subject of salaries down to the special meeting April 4, 1914. Then a statement was made by Matthews as to what had been paid to Matthews and Headley during the previous year. But the stockholders, though expressing surprise and objection, pursued the inquiry no further by putting the question as to what salaries had been paid in other years or what was being paid in that year (1914), and, although dissatisfied, took no legal action until the institution of this suit in 1916. The evidence does not disclose that any stockholder was ever misled or deceived or thrown off his guard by anything that was said or done by any officer or director. Under these circumstances the stockholders were long since put upon inquiry as to the salaries of the executive officers, which the investigation of Mr. Hatter disclosed in his report on November 1, 1915.

5. In December, 1910, the board of directors awarded as extra compensa-

tion $16,000 to Matthews and $6,000 to Headley for services performed during 1910. Under the circumstances disclosed by the evidence this was nothing more nor less than a gift of so much of the company's assets to these two officers, and was clearly illegal. This was never disclosed to the stockholders by the officers or directors. No fact or circumstance is disclosed by the evidence which put any stockholder upon inquiry as to this. Furthermore, if this award of extra compensation was made in good faith, the active duty was imposed upon the officers receiving it, and upon the directors who voted for the resolution awarding it, to make a full disclosure at the stockholders' meeting a few days later. But at no time was any information concerning this extra compensation given by any director or officer to any stockholder.

The amount of this illegal payment was $22,000. With interest to date, it amounts to $30,580.

Recovery can be had in this case only in behalf of those holders of common stock who have unequivocally affirmed the prosecution of this suit. They are:

Frederick H. Gottlieb, 10 shares; Mrs. Frank H. Ehlen, 4 shares; Mrs. Wright, 12 shares; Albert H. Stockley, 18 shares; Adam Deupert, 50 shares; H. H. Wiegand, 30 shares; George Moores, 5 shares; Mrs. Keppler, 12 shares; Mrs. Emerick, 5 shares; Emil Gruebel, 1 share. Total 147 shares.

A decree will be entered against Henry W. Matthews, C. Jacob Youse, Thomas E. Fluharty and Henry C. Suchting for $6,421.80.